| | | |
|---|---|---|
| Leatherback Limited<br>　The News Building,<br>　3 London Bridge Street,<br>　London, UK SE1 9SG | * | In the United States District Court |
| | * | For |
| | * | Southern District of New York |
| Plaintiff | * | |
| vs. | * | |
| Lavayo Energy<br>Lolu Adubifa<br>　Lapal House 2nd Floor,<br>　235 Igbosere Road,<br>　Lagos Island Lagos. | * | Case No.: 1:23-cv-9295 |
| | * | |
| | * | |
| Defendant | | |

# Complaint

Comes Now, Leatherback Limited, by and through its attorneys, Jimi Kolawole, and Kolawole Law Firm LLC, file this Complaint and in support thereof state as follows:

## PARTIES

1. Plaintiff, Leatherback Limited, is a private limited company incorporated in England and Wales (registered number 12291057) whose registered office is at The News Building, 3 London Bridge Street, London, SE1 9SG.  It is authorized and regulated by the United Kingdom Financial Conduct Authority ("FCA") as an Electronic Money Institution (firm reference number 901074) with the authority to issue electronic money ("E-Money") and provide payment services.

2. Upon information and belief, Defendants, Lavayo Energy and Lolu Adubifa, Managing Director of Lavayo Energy, a company formed under the laws of Nigeria.  Upon information and belief, Lavayo Energy is a sub-broker of SOO Ventures Limited.

## JURISDICTION AND VENUE

3. Pursuant to 28 USC 1332, this Court has jurisdiction because there is complete diversity of citizenship between the parties and the controversy exceeds $75,000.

4. This court has jurisdiction because the event that is the essence of this action occurred in this District.

## FACTS COMMON TO ALL COUNTS

5. Leatherback is a financial technology company offering innovative products to simplify cross-border transactions.  Leatherback allows its customers to maintain several accounts in several currencies.  Each currency account is domiciled at a local bank in the country where the currency is a local tender.  As such, when a Leatherback customer makes a payment through

an account, the transaction originates from the local bank, thereby resolving the complexities associated with cross-border transactions.

6. Currently, Leatherback allows its customers to maintain accounts in Nigerian Naira, US Dollars, and British Pounds. For each currency type, Leatherback partners with a local bank in the country where the currency is a local tender. For the US Dollar, Leatherback partners with Community Federal Savings Bank, Woodhaven, New York (CFSB)

7. SDQ Facilitators was a customer onboarded on Leatherback's platform as a third-party logistics company. SDQ presented itself as a company engaged in freight forwarding for third parties. From time to time, SDQ made payments into its Leatherback account in Nigeria and through Leatherback converted the deposit to US dollars and moved them into its US Dollar denominated account on Leatherback. From time to time, SDQ instructed Leatherback to make payments, backed by invoices verified by Leatherback, to companies worldwide for SDQ clients. Leatherback neither controlled what SDQ deposited nor determined whose invoices got paid.

8. Defendant, Lavayo Energy, is allegedly a customer of SDQ Facilitators who made payments to SDQ but did not receive value for those payments. On September 6, 2023, Defendant's Attorney, sent the following email to Community Federal Savings Bank.

## COUNT I

### Defamation

9. On September 6, 2023, Defendant's Attorney, sent the following email to Community Federal Savings Bank.

> Hi Fatima,
>
> Thank you so much for your time this morning.
>
> As discussed, my client who you spoke to this morning is Lolu Adubifa, Managing Director of Lavayo Energy, which is a sub-broker of SOO Ventures Limited, a UK-based financial advisory and brokerage firm. Lolu is copied here, and he is working closely with Mr. Ade Agbede, who is Director of SOO Ventures.
>
> During July and August, SOO Ventures attempted to facilitate Forex transactions for their clients through Letterback via SDQ Facilitators. Related to that, funds were transferred to an account at Providus Bank controlled by the Letterback/SDQ for conversion from Naira to Dollar. However, Letterback/SDQ have failed to confirm payment despite funds being credited to their account. Therefore, we ask you to

confirm whether the transactions summarized in the attached excel sheet cleared at your bank, and whether the banking instruments are known and issued by your bank.

    a. Petition to Inspector General from Nigerian counsel

    b. Letter from Inspector General to police staff regarding the fraud

    c. Press on the fraud: https://techcabal.com/2023/09/05/leatherback-denies-sdq-facilitators/

    d. Letter to Providus Bank from Nigerian counsel

    e. Excel sheet summarizing transactions

10. On September 7, 2023, undersigned counsel for Leatherback responded to Defendant's counsel. Undersigned counsel asked that Defendant to cease communicating with CFSB on Leatherback matters or cease interfering with Leatherback's business relationship. Undersigned counsel also responded Defendant's questions, informing him that the attached telexes were fake and alien to Leatherback and that none of the referenced funds were deposited into any Leatherback account and none of the USD wires referenced were initiated through a Leatherback account. In addition, as proof of the inauthenticity of the telexes Defendant was parading, undersigned counsel attached an original Leatherback telex, which was clearly different.

11. On September 11, 2023, Defendant's counsel sent another email to CFSB.

> As of today, my client – a Delaware limited liability company – is part of a group that believes that they have been defrauded of funds paid. My client believes that this fraud occurred via payment into the SDQ/Leatherback account on the Leatherback / Rexel /Providus Bank platform.
>
> We are also aware that there are active criminal investigations ongoing in Nigeria by the Cyber Crime Unit (Inspector General of Police's office) and the Economic and Financial Crimes Commission. These investigations are looking at allegations of fraudulent conversion and disappearance of funds (over $10 MM) related to the banking account of SDQ / Leatherback in Providus Bank, which is located in Lagos, Nigeria.
>
> It is our hope that these apparent crimes will be quickly resolved and the funds

12. Defendant published these false and defamatory publications to CFSB who reasonably understood these emails and publications to be defamatory.

13. Defendant acted with knowledge of the falsity of the statements and with the intent to harm Plaintiff's business relationship when publishing these false and defamatory statements about Plaintiff.
14. As a direct and proximate result of the false and defamatory statements published by Defendant, the character and reputation of Leatherback were harmed, its standing and reputation harmed with its business partners.

WHEREFORE, Plaintiff demands in excess of one hundred thousand dollars ($100,000.00) in compensatory and punitive damages, plus interest and costs.

## Count II

### Tortious Interference with Business Relations

15. Plaintiff incorporates Paragraphs 1 – 10 as if set forth directly unto this Paragraph.
16. The conduct of Defendant in communicating with Leatherback's partners was intentional, willful, and calculated to cause damage to Leatherback's lawful business.  The conduct of Defendant was perpetrated with an intentional and improper purpose to cause damage and was without justifiable cause, and it caused damage to Plaintiff's business relationship with CFSB.

WHEREFORE, Plaintiff demands in excess of one hundred thousand dollars ($100,000.00) in compensatory and punitive damages, plus interest and costs.

Respectfully submitted,

Jimi Kolawole, Esq.
Kolawole Law Firm LLC
7517 Cedar Grove Lane,
Elkridge, MD. 21075
443 546 8146 | oakolawole@justklf.com
Fax: 240 713 3242