UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| LEATHERBACK LIMITED, |
| Plaintiff(s), |
| v. |
| LOLU ADUBIFA, |
| Defendant(s). |

23-CV-9295 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

      In this action, Plaintiff sues Defendant Lolu Adubifa.  On October 25, 2023, the Clerk of Court issued summons with respect to Mr. Adubifa, with an address in Lagos, Nigeria, with instructions that service could be effectuated on Adam Yohanan.  On November 27, 2023, Plaintiff filed an affidavit of service, in which a process server attests that he personally served Mr. Yohanan.  On December 14, 2023, Mr. Yohanan emailed a letter to Chambers, attached to this order.  Mr. Yohanan's letter states that he is a transactional lawyer and is not representing Mr. Adubifa in this action.  On December 19, 2023, Mr. Adubifa emailed a letter to Chambers, also attached to this order.  Mr. Adubifa's letter states that Mr. Yohanan is not authorized to receive summons or represent him and that he has not yet retained counsel.  Defendant's letter also describes *Leatherback Limited v. Adubifa*, No. 23 Civ. 2614 (D. Md. dismissed Oct. 10, 2023), in which the district court dismissed similar claims brought by Plaintiff against Defendant for lack of personal jurisdiction.

      It is hereby **ORDERED** that Defendant has not yet been served as required under Rule 4(c).[1]  Because Mr. Adubifa has actual notice of this action, the parties are encouraged to discuss waiver of service pursuant to Rule 4(d).  Defendant is apprised that Rule 4(d)(e) states that

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

"[w]aiving service of a summons does not waive any objection to personal jurisdiction or to venue." In the event the parties are unable to come to agreement on waiving service, Plaintiff shall effectuate proper service within the period of time required under the Rules.

The parties are apprised that all communications with Chambers should be filed on the public docket via ECF.

SO ORDERED.

Dated: December 19, 2023
       New York, New York

_____
DALE E. HO
United States District Judge

# YOHANAN PLLC

Adam Yohanan
ayohanan@yohananlaw.com
43 West 43rd St, Suite 10
New York, NY 10036
(212) 859 5041

December 14, 2023

Hon. Dale E. Ho
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: Case # 2023-cv-09295, Leatherback Limited v. Adubifa (SDNY)

Dear Judge Ho,

I am writing to the Court today to provide facts regarding service of process in the above referenced case before the Court.

I am a transactional small business lawyer with offices in Manhattan and Brooklyn. I am not a litigator, and I am not admitted to practice before any federal court.

I represented Mr. Adubifa as a transactional lawyer in connection with an investigation into certain banking transactions that I understand are the subject of the above referenced case. My primary role in that engagement was to conduct inquiries with a New York regional bank regarding certain transactions related to an ongoing fraud investigation in Nigeria. As a result of these inquiries, Mr. Adubifa is being sued in this case.

With respect to service of process in this case, I would like to raise a few concerns for the Court, first with respect to the original filing in Maryland and second with respect to the current filing here in New York:

Maryland

1. When I heard that this case was initially filed in Maryland federal court, I was also told that process was served on me in my office in Brooklyn. But this seems impossible, because I never received the documents for the case filed in Maryland, and neither did anyone else who works for my firm in our Brooklyn office. Therefore, the fact of me or someone from my firm receiving the Maryland documents in my Brooklyn office is not true to my knowledge.

2. I am not aware of any facts in this case that would warrant a filing in a Maryland venue. The only potential nexus to the case in Maryland is the Kolawale Law Firm, which is based in Maryland. To my understanding, a plaintiff cannot file a case in a state where

the only nexus is that the plaintiff's lawyer happens to be located there. For that reason, I understand that the judge in Maryland dismissed the case. I am concerned why the Kolawale Law Firm would make a filing in such a venue, because it seems like they are wasting the money and time of the courts and the parties.

New York

3. In New York I received the lawsuit documents in my Brooklyn office. A man knocked on my door, I opened the door, and he handed me the lawsuit. When I received the lawsuit, I notified Mr. Adubifa and did my best to help him find a litigation referral, which is something I routinely do for my clients whenever they need a lawyer who is outside my area of practice. And, when I make referrals to litigators, I do not take referral fees or act as litigation co-counsel or do anything that would make me the litigator in the case.

4. I don't have an engagement letter to represent Mr. Adubifa in litigation, and I've been very clear with him that I'm not a litigator, and he understands and accepts this. The clearest example of me not being Mr. Adubifa's litigator is the fact that I have been actively trying to help him find a litigator. I'm not taking a position on the legal standard for who is the proper lawyer to accept process on behalf of a defendant in litigation, but I am noting that I am not a litigator in this case, as I am merely a transactional lawyer who represented Mr. Adubifa and was involved in the events that led to this case. I will leave it to the litigators and Your Honor to discuss whether service was properly served in this case.

Please do not hesitate to reach out should you have any questions or if I can be of further assistance to the Court.

Best,

DocuSigned by:
A. Yoha
A7D10A1E78AB41E...

Adam Yohanan

YOHANAN, PLLC

**Lavayo Energy**

2nd Floor, Lapal House,
235 Igbosere Road,
Lagos Island, Nigeria.
+234 703 000 3400

December 18th, 2023

**Hon. Dale Ho**
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Ho,

*RE : Case Number: 2023-cv-09295, Leatherlback Limited v. Adubifa*

The above subject matter refers.

I am writing to the Court today to provide clarity on the above civil case as it pertains to me.

1. **Background:** My name is Omololu ADUBIFA, a dual citizen of Nigeria and the United States of America. Upon graduation from the MBA program at the Wharton School at the University of Pennyslvannia (2002), and a working stint at a Consulting firm in Boston, I relocated to Nigeria in April 2004. I do not live or work in the great State of New York. I reside in Nigeria.

2. **Service of Court Processes:**
I understand the law firm (Yohanan Law) was served court summons on my behalf. This is not valid as the Yohanan PLLC is not authorized to receive summons or represent me on this or any civil case in the United States of America. I have also not retained any counsel for this case.

3. **Similar Case Filed in Federal Court in Maryland:**

**Lavayo Energy**

2nd Floor, Lapal House,
235 Igbosere Road,
Lagos Island, Nigeria.
+234 703 000 3400

A similar case was filed against me in the U.S. District Court for Maryland **(Case Number: 1:23-CV-002614)**, by the same plaintiff represented by the same law firm. Though I was not served or notified of this case, the court dismissed the case for lack of jurisdiction.

4. **Ongoing Criminal Investigation in Nigeria:**
In Nigeria, there are ongoing criminal investigations by different law enforcement agencies. These are based on petitions by various aggrieved persons, myself inclusive. The Managing Director of Leatherback Limited has been publicly declared wanted by a law enforcement agency in Nigeria, as part of this investigation.
https://www.efcc.gov.ng/efcc/news-and-information/wanted-persons-1

In conclusion, this case is similar to the case that was filed against me in U.S. District Court for Maryland, USA. It is my opinion that it lacks merit and jurisdiction.

Kindly accept assurances of my highest regards.

Yours Sincerely,

Lolu Adubifa